Megan A. Richmond (SBN 170753)
MEGAN A. RICHMOND, APC
655 W. Broadway, Suite 1700
San Diego, California 92101-8495
Telephone: (619) 577-4253
Facsimile:  (619) 577-4250
megan@therichmondfirm.com

C. Brooks Cutter (SBN 121407)
John R. Parker, Jr. (SBN 257761)
Celine E. Cutter (SBN 312622)
CUTTER LAW P.C.
401 Watt Ave., Suite 100
Sacramento, CA 95864
T: (916) 290-9400| F: (916) 588-9330
bcutter@cutterlaw.com
jparker@cutterlaw.com
ccutter@cutterlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| CECILY FERNANDEZ, and KENYADA WAGONER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO, a legal subdivision of the State of California, and DOES 1–10, inclusive, <br><br> Defendants. | CASE NO. <br><br> **COLLECTIVE ACTION** <br> [29 U.S.C. § 216(b)] <br><br> **COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT; DEMAND FOR JURY TRIAL; CONSENTS TO SUE**

## PRELIMINARY STATEMENT

1.      Plaintiffs are former or current non-exempt employees of Defendant COUNTY OF SAN BERNARDINO (**"Defendant"**) in the office of Child and Family Services, and bring this action, on their own behalf and on behalf of all others similarly situated, under the United States Fair Labor Standards Act, 29 U.S.C. § 216(b), for remedies arising out of Defendants' non-payment of overtime to its CFSs.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the claims asserted herein pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b).  Defendant resides in this District for the purposes of the foregoing venue statute and a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this District.

## PARTIES

4.      Plaintiff CECILY FERNANDEZ is an individual who resides in this District, and is a citizen of the United States and California. Plaintiff FERNANDEZ is currently, and has been since January 2018, employed as a non-exempt social worker by Defendant in this District.

5.      Plaintiff KENYADA WAGONER is an individual who resides in this District, and is a citizen of the United States and California. Plaintiff WAGONER is currently, and has been since September 2015, employed as a non-exempt social worker by Defendant in this District.

6.      The additional persons who may become plaintiffs herein are also non-exempt social workers who are or were employed by Defendant in its Child and Family Services office and who worked overtime hours for said Defendant without receiving any or all of the compensation to which they are entitled.

7.      Defendant is a legal subdivision of the State of California, pursuant to Article 11, Section 1(a) of the California Constitution and Cal. Gov. Code § 23002.

8.      Defendants DOES 1-10, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiffs.  When their true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein.  Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein and that the damages alleged herein were caused by such defendants.

## COLLECTIVE ACTION ALLEGATIONS

9.      Plaintiffs make the allegations contained herein on their own behalf and on behalf of all others similarly situated.  The allegations contained herein are made upon personal knowledge as to Plaintiffs and their own acts and circumstances, and, as to all other matters, upon information and belief.

10.      During the applicable limitations period, Plaintiffs were employed as non-exempt social workers by Defendant's Child and Family Services ("CFS") Central office, in San Bernardino.

11.      The allegations of this Complaint are applicable to all non-exempt CFS social workers employed by Defendant during the limitations period, including both current and former employees of Defendant.

12.      Plaintiffs bring this action on behalf of themselves and on behalf of all other non-exempt CFS social workers who were employed by Defendant within the applicable limitations period and who worked in excess of the maximum hours prescribed by 29 U.S.C. § 207(a) without payment of all of the overtime compensation required thereunder.  Plaintiffs reserve the right to seek certification of this matter as a collective action on behalf of the foregoing current and former employees of Defendant.  If discovery so indicates, Plaintiffs also reserve the right to seek certification of this matter as a collective action on behalf of one or more

sub-classes of social workers employed at the office of CFS, including, but not limited to, positions designated SSP-III and SW-II.

13.    Plaintiffs' position and situation is in all respects similar to, if not identical to, the other persons on whose behalf Plaintiffs bring this action.  Plaintiffs reserve the right to seek to certify this action as a collective action with one or more sub-classes.

14.    Plaintiff FERNANDEZ's consent to be part of this action is attached hereto as <u>Attachment A</u>.

15.    Plaintiff WAGONER's consent to be part of this action is attached hereto as <u>Attachment B</u>.

## **FIRST CLAIM FOR RELIEF**
### **(Fair Labor Standards Act)**

16.    Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 13 of this Complaint as though fully set forth in this First Claim for Relief.

17.    At all times relevant to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. §§ 203(r) and 203(s).  At all times relevant to this Complaint, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and has employed and continued to employ social workers, including Plaintiffs, within the meaning of 29 U.S.C. § 203(g).

18.    During the applicable limitations period, Plaintiffs were employed by Defendant as non-exempt CFS social workers.

19.    Pursuant to 29 U.S.C. § 207(a), the CFS social workers employed by Defendant, including Plaintiffs, are entitled to be compensated for all of the hours they worked for Defendant, as well as time and one-half (1½) of their regular pay rate for each hour worked in excess of forty (40) hours per week.

20.     During the applicable limitations period, Defendants frequently required, suffered, and/or permitted the CFS social workers, including Plaintiffs, to work more than forty (40) hours per week without paying them all of the overtime compensation required by 29 U.S.C. § 207(a).  This overtime was worked, **without limitation**, during uncompensated break and meal periods, traveling and in the field, and/or outside of the office.

21.     During the applicable limitations period, Defendants failed to accurately record, report, and/or preserve records of hours worked by CFS social workers, including Plaintiffs.  To the extent such records exist, they are in the possession of Defendants and discoverable in this action.

22.     Defendants' unlawful conduct has been repeated and consistent throughout Plaintiffs' entire period of employment as CFS social workers.

23.     Defendants were aware that the CFS social workers, including Plaintiffs, performed work that could not be completed in forty (40) hours per week and required them to work overtime.

24.     Plaintiffs worked on a "9/80" or a "4/10" schedule. Workers on a 9/80 schedule work 5 days one week, and 4 days the next week. In a given pay period, they work eight 9-hour days, one 8-hour day, and have one day off. The workweek ends and new one begins in the middle of the 8-hour day, so that no worker should have more than 40 hours in a workweek. Workers on a 4/10 schedule work 4 days in a week, for 10 hours each day. In reality, Plaintiffs worked much more.

25.     The County required Plaintiffs to work extraordinarily long hours. CFS social workers are required to be "on call" at all times. When they receive a call in the middle of the night that a child needs to be retrieved, they must get out of bed and go into the office, check out a County car, and bring the child into custody. The County will only pay overtime once the social worker has the child; the County will not pay overtime for the time social workers spent traveling to retrieve the child. The

County will also not pay overtime for two social workers to travel together on these late-night calls, even when it is dangerous for them to go alone.

26.    When a child needs to be placed into custody, CFS social workers must stay at the office with the child until the child is placed – this sometimes takes days, but the social worker is not allowed to go home. If a social worker asks a co-worker to supervise the child while the social worker rests at the office, the County will not pay for the time the social worker is resting, even though the County has required her to be there.

27.    Sometimes Plaintiffs must fly out of state to accompany or retrieve children. The County does not pay social workers for the entirety of these trips, only for time the County considers "work."

28.    In 2019 the County introduced a new process for overtime, which required social workers to obtain prior approval for all overtime. This is clearly not feasible by the County's own requirement for social workers to be "on call." When social workers attempt to fill out the form, they are interrogated about their hours and discouraged from claiming overtime.

29.    The County CFS office operates with a culture of bullying and fear to ensure that social workers do not claim their overtime. Managers might ask social workers "Why does it take you this long to do a court report?" to make them feel incompetent for needing overtime to get the job done. The current supervisor, Cyriac Matthews scolded Plaintiff Fernandez, "You're an SSP you don't need help."

30.    Plaintiff FERNANDEZ routinely worked through her breaks and meals, arrived early, worked late at the office and in the field, and took work home, so that she worked at least 20 hours of unpaid overtime per week, often 30. Plaintiff FERNANDEZ worked a 9/80 schedule in 2018, then switched to 4/10 schedule at some point in 2019. When Plaintiff FERNANDEZ entered her time in EMACS the County required her to enter whole numbers, even if that meant entering less time than she had worked. For example, if she entered 16.75 hours the County would

accuse her of stealing time. So Plaintiff FERNANDEZ routinely rounded down her time to get a whole number. Plaintiff FERNANDEZ estimates that she often worked a total of 70 hours a week but would only enter no more than 50 hours worked on EMACS, for fear of being berated by management.

31.  Plaintiff WAGONER routinely worked through her breaks and meals, worked late, and took work home, so that she worked an average of at least 10___ hours of unpaid overtime per week. In theory Plaintiff WAGONER's hours were supposed to be 9:00 am to 7:30 pm, Monday through Thursday. In reality, Plaintiff WAGONER works later than 7:30 pm during the workweek, and almost always works in the office on Fridays, her day off. Additionally, Plaintiff WAGONER always answers work-related phone calls and responds to emails after hours, and often makes home visits on weekends. Plaintiff WAGONER carries an estimated case load of 50-65 cases at a time, and must work these long hours to fulfill her obligations to the clients and the court.

32.  Upon information and belief, Defendants were aware that the CFS social workers, including Plaintiffs, worked uncompensated overtime.

33.  Upon information and belief, Defendants' failure to pay overtime to the CFS social workers, including Plaintiffs, was "willful" for the purposes of 29 U.S.C. § 255(a). Defendant knew that Plaintiffs would need to work overtime to manage their caseloads and as well to comply with statutory and regulatory requirements. Defendant intentionally left the office open late 5:00 PM, so that Plaintiffs could work late. Defendant also knew when Plaintiffs worked late in the field, because Plaintiffs usually drove County vehicles, which they had to return to the office. Thus, Defendant was well-aware of the overtime Plaintiffs worked, and willfully discouraged Plaintiffs from entering this time in the timekeeping software EMACS, and willfully failed to pay them for it.

34.  By reason of Defendants' foregoing conduct, the CFS social workers, including Plaintiffs, have suffered harm and been damaged.

35. Plaintiffs and all others similarly situated are entitled to damages in the amount of all unpaid overtime from three (3) years immediately preceding the filing of this action, pursuant to 29 U.S.C. § 255(a). They are also entitled to liquidated damages, plus interest and costs as allowed by law, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper. They are also entitled to recover attorney fees and costs, pursuant to 29 U.S.C. § 216(b). Plaintiffs hereby seek all of the foregoing remedies for themselves and all others similarly situated.

36. WHEREFORE, Plaintiffs, on their own behalf and on behalf of all others similarly situated, request the relief set forth in this First Claim for Relief and below.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs CECILY FERNANDEZ and KENYADA WAGONER pray for the following, on their own behalf and on behalf of all others similarly situated:

A.    Judgment against Defendants for an amount equal to the overtime Defendants failed to pay at the applicable overtime rate, pursuant to 29 U.S.C. § 216(b);

B.    Liquidated damages in an additional amount equal to the overtime Defendants failed to pay at the applicable overtime rate, pursuant to 29 U.S.C. § 216(b);

C.    Attorney fees and costs, pursuant to, *inter alia*, 29 U.S.C. § 216(b);

D.    A finding that Defendants' violations of law were willful and providing for a recovery period of three (3) years prior to the filing of this Complaint, pursuant to 29 U.S.C. § 255(a);

E.    An award of prejudgment interest;

F.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

1         G.    Such further relief as the Court deems just and equitable.

2

3    Dated: August 4, 2020

4        **The filer of this document attests that all other signatories listed, and on**

5    **whose behalf this filing is submitted, concur in the filing's content and have**

6    **authorized the filing.**

7                             Respectfully submitted by,

8                             MEGAN A. RICHMOND, APC

9                             /s/ Megan A. Richmond

10                            Megan A. Richmond (SBN 170753)

11                            655 W. Broadway, Suite 1700

12                            San Diego, California 92101-8495
                          Telephone: (619) 577-4253

13                            Facsimile:  (619) 577-4250

14                            megan@therichmondfirm.com

15                            C. Brooks Cutter (SBN 121407)

16                            John R. Parker, Jr. (SBN 257761)

17                            Celine E. Cutter (SBN 312622)
                          CUTTER LAW P.C.

18                            401 Watt Ave., Suite 100

19                            Sacramento, CA 95864
                          T: (916) 290-9400| F: (916) 588-9330

20                            bcutter@cutterlaw.com

21                            jparker@cutterlaw.com
                          ccutter@cutterlaw.com

22

23

24

25

26

27

28

1

## <u>DEMAND FOR JURY TRIAL</u>

2          Pursuant to, *inter alia*, Amendment VII to the United States Constitution and

3    Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and

4    all issues in this action triable by a jury.

5

6    Dated: August 4, 2020

7          **The filer of this document attests that all other signatories listed, and on**

8    **whose behalf this filing is submitted, concur in the filing's content and have**

9    **authorized the filing.**

10                                        Respectfully submitted by,

11                                        MEGAN A. RICHMOND, APC

12                                         /s/ Megan A. Richmond

13                                        Megan A. Richmond (SBN 170753)

14                                        655 W. Broadway, Suite 1700

15                                        San Diego, California 92101-8495
                                          Telephone: (619) 577-4253
16                                        Facsimile:  (619) 577-4250

17                                        megan@therichmondfirm.com

18

19                                        C. Brooks Cutter (SBN 121407)
                                          John R. Parker, Jr. (SBN 257761)
20                                        Celine E. Cutter (SBN 312622)

21                                        CUTTER LAW P.C.
                                          401 Watt Ave., Suite 100
22                                        Sacramento, CA 95864

23                                        T: (916) 290-9400| F: (916) 588-9330
                                          bcutter@cutterlaw.com
24                                        jparker@cutterlaw.com

25                                        ccutter@cutterlaw.com

26

27

28

---

**COMPLAINT; DEMAND FOR JURY TRIAL; CONSENTS TO SUE**                              9

# EXHIBIT A

1

## **CONSENT TO SUE**

2

3      I, CECILY FERNANDEZ, hereby state that I am or was employed as a Social

4  Worker with the Department of Children and Family Services with the County of San

5  Bernardino (the "Defendant"). During the past three years, there were occasions

6  when I worked over forty (40) hours per week as a Social Worker for Defendant

7  without receiving compensation for all of my overtime hours, let alone at one and

8  one-half (1½) times my regular pay rate.

9      I hereby consent to becoming a party plaintiff in the above civil action styled

10  *Cecily Fernandez et al. v. County of San Bernardino* (the "Action"), which contains

11  claims under the Fair Labor Standards Act and seeks, among other things, recovery

12  of unpaid overtime compensation, liquidated damages, attorneys' fees and costs. I

13  understand that I will be bound by any judgment, decision or settlement in the Action.

14      I hereby consent to and designate the law offices of MEGAN A. RICHMOND

15  APC, and CUTTER LAW PC to represent me in the Action.

16

17  Dated: _____5/20_____, 2020

18

19

20  Cecily Fernandez

21

22

23

24

25

26

27

28

CONSENT TO SUE

1

2

### CONSENT TO SUE

3    I, _Donna Peal-Lawson_ , hereby state that I am or was

4    employed as a Social Worker with the Department of Children and Family Services

5    with the County of San Bernardino (the "Defendant").  During the past three years,

6    there were occasions when I worked over forty (40) hours per week as a Social

7    Worker for Defendant without receiving compensation for all of my overtime hours,

8    let alone at one and one-half (1½) times my regular pay rate.

9        I hereby consent to becoming a party plaintiff in the above civil action styled

10    _Cecily Fernandez et al. v. County of San Bernardino_ (the "Action"), which contains

11    claims under the Fair Labor Standards Act and seeks, among other things, recovery

12    of unpaid overtime compensation, liquidated damages, attorneys' fees and costs.  I

13    understand that I will be bound by any judgment, decision or settlement in the Action.

14        I hereby consent to and designate the law offices of MEGAN A. RICHMOND

15    APC, and CUTTER LAW PC to represent me in the Action.

16

17    Dated: _7 - 8 -_ , 2020

18

19

20

21

22

23

24

25

26

27

28

CONSENT TO SUE

1

## CONSENT TO SUE

2

3    I, KENYADA WAGONER, hereby state that I am or was employed as a Social

4   Worker with the Department of Children and Family Services with the County of San

5   Bernardino (the "Defendant").   During the past three years, there were occasions

6   when I worked over forty (40) hours per week as a Social Worker for Defendant

7   without receiving compensation for all of my overtime hours, let alone at one and

8   one-half (1½) times my regular pay rate.

9    I hereby consent to becoming a party plaintiff in the above civil action styled

10   *Cecily Fernandez et al. v. County of San Bernardino* (the "Action"), which contains

11   claims under the Fair Labor Standards Act and seeks, among other things, recovery

12   of unpaid overtime compensation, liquidated damages, attorneys' fees and costs.  I

13   understand that I will be bound by any judgment, decision or settlement in the Action.

14    I hereby consent to and designate the law offices of MEGAN A. RICHMOND

15   APC, and CUTTER LAW PC to represent me in the Action.

16

17   Dated: _May_ 5/25 _____, 2020

18

19

20   KENYADA WAGONER

21

22

23

24

25

26

27

28

CONSENT TO SUE

1

## CONSENT TO SUE

2

3    I, _Lisa K Hammons_ , hereby state that I am or was

4  employed as a Social Worker with the Department of Children and Family Services

5  with the County of San Bernardino (the "Defendant").  During the past three years,

6  there were occasions when I worked over forty (40) hours per week as a Social

7  Worker for Defendant without receiving compensation for all of my overtime hours,

8  let alone at one and one-half (1½) times my regular pay rate.

9        I hereby consent to becoming a party plaintiff in the above civil action styled

10  _Cecily Fernandez et al. v. County of San Bernardino_ (the "Action"), which contains

11  claims under the Fair Labor Standards Act and seeks, among other things, recovery

12  of unpaid overtime compensation, liquidated damages, attorneys' fees and costs.  I

13  understand that I will be bound by any judgment, decision or settlement in the Action.

14        I hereby consent to and designate the law offices of MEGAN A. RICHMOND

15  APC, and CUTTER LAW PC to represent me in the Action.

16

17  Dated: _6/20/2020_ , 2020

18

19  _Lisa K Hammons_

20

21

22

23

24

25

26

27

28

CONSENT TO SUE

## **CONSENT TO SUE**

I, _Luis H. Flores_ , hereby state that I am or was employed as a Social Worker with the Department of Children and Family Services with the County of San Bernardino (the "Defendant"). During the past three years, there were occasions when I worked over forty (40) hours per week as a Social Worker for Defendant without receiving compensation for all of my overtime hours, let alone at one and one-half (1½) times my regular pay rate.

I hereby consent to becoming a party plaintiff in the above civil action styled _Cecily Fernandez et al. v. County of San Bernardino_ (the "Action"), which contains claims under the Fair Labor Standards Act and seeks, among other things, recovery of unpaid overtime compensation, liquidated damages, attorneys' fees and costs. I understand that I will be bound by any judgment, decision or settlement in the Action.

I hereby consent to and designate the law offices of MEGAN A. RICHMOND APC, and CUTTER LAW PC to represent me in the Action.

Dated: _June 3_ , 2020

CONSENT TO SUE

## CONSENT TO SUE

I, _Sophia Hernandez Leyvas_, hereby state that I am or was employed as a Social Worker with the Department of Children and Family Services with the County of San Bernardino (the "Defendant").  During the past three years, there were occasions when I worked over forty (40) hours per week as a Social Worker for Defendant without receiving compensation for all of my overtime hours, let alone at one and one-half (1½) times my regular pay rate.

I hereby consent to becoming a party plaintiff in the above civil action styled _Cecily Fernandez et al. v. County of San Bernardino_ (the "Action"), which contains claims under the Fair Labor Standards Act and seeks, among other things, recovery of unpaid overtime compensation, liquidated damages, attorneys' fees and costs.  I understand that I will be bound by any judgment, decision or settlement in the Action.

I hereby consent to and designate the law offices of MEGAN A. RICHMOND APC, and CUTTER LAW PC to represent me in the Action.

Dated: _July 20_, 2020

_Sophia Hernandez Leyvas_

CONSENT TO SUE

**CONSENT TO SUE**

I, _Tammi Cason_, hereby state that I am or was employed as a Social Worker with the Department of Children and Family Services with the County of San Bernardino (the "Defendant"). During the past three years, there were occasions when I worked over forty (40) hours per week as a Social Worker for Defendant without receiving compensation for all of my overtime hours, let alone at one and one-half (1½) times my regular pay rate.

I hereby consent to becoming a party plaintiff in the above civil action styled _Cecily Fernandez et al. v. County of San Bernardino_ (the "Action"), which contains claims under the Fair Labor Standards Act and seeks, among other things, recovery of unpaid overtime compensation, liquidated damages, attorneys' fees and costs. I understand that I will be bound by any judgment, decision or settlement in the Action.

I hereby consent to and designate the law offices of MEGAN A. RICHMOND APC, and CUTTER LAW PC to represent me in the Action.

Dated: _May 27_, 2020

CONSENT TO SUE

**CONSENT TO SUE**

I, _Tamoss Carnes_, hereby state that I am or was employed as a Social Worker with the Department of Children and Family Services with the County of San Bernardino (the "Defendant"). During the past three years, there were occasions when I worked over forty (40) hours per week as a Social Worker for Defendant without receiving compensation for all of my overtime hours, let alone at one and one-half (1½) times my regular pay rate.

I hereby consent to becoming a party plaintiff in the above civil action styled _Cecily Fernandez et al. v. County of San Bernardino_ (the "Action"), which contains claims under the Fair Labor Standards Act and seeks, among other things, recovery of unpaid overtime compensation, liquidated damages, attorneys' fees and costs. I understand that I will be bound by any judgment, decision or settlement in the Action.

I hereby consent to and designate the law offices of MEGAN A. RICHMOND APC, and CUTTER LAW PC to represent me in the Action.

Dated: _6/20_, 2020

CONSENT TO SUE

**CONSENT TO SUE**

I, _Torray Kerl_, hereby state that I am or was employed as a Social Worker with the Department of Children and Family Services with the County of San Bernardino (the "Defendant"). During the past three years, there were occasions when I worked over forty (40) hours per week as a Social Worker for Defendant without receiving compensation for all of my overtime hours, let alone at one and one-half (1½) times my regular pay rate.

I hereby consent to becoming a party plaintiff in the above civil action styled _Cecily Fernandez et al. v. County of San Bernardino_ (the "Action"), which contains claims under the Fair Labor Standards Act and seeks, among other things, recovery of unpaid overtime compensation, liquidated damages, attorneys' fees and costs. I understand that I will be bound by any judgment, decision or settlement in the Action.

I hereby consent to and designate the law offices of MEGAN A. RICHMOND APC, and CUTTER LAW PC to represent me in the Action.

Dated: _6/20_, 2020

CONSENT TO SUE

**CONSENT TO SUE**

I, _Victor Concepcion_, hereby state that I am or was employed as a Social Worker with the Department of Children and Family Services with the County of San Bernardino (the "Defendant"). During the past three years, there were occasions when I worked over forty (40) hours per week as a Social Worker for Defendant without receiving compensation for all of my overtime hours, let alone at one and one-half (1½) times my regular pay rate.

I hereby consent to becoming a party plaintiff in the above civil action styled _Cecily Fernandez et al. v. County of San Bernardino_ (the "Action"), which contains claims under the Fair Labor Standards Act and seeks, among other things, recovery of unpaid overtime compensation, liquidated damages, attorneys' fees and costs. I understand that I will be bound by any judgment, decision or settlement in the Action.

I hereby consent to and designate the law offices of MEGAN A. RICHMOND APC, and CUTTER LAW PC to represent me in the Action.

Dated: _6/19/2020_ 2020

_[signature]_

CONSENT TO SUE